■ BRITISH LAND (B OF C) INC., Respondent, v 43 WEST 61ST STREET ASSOCIATES, Defendant, and AARON GREEN, Appellant. —Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered December 13, 1990, in favor of plaintiff and against defendant Green in the amount of $296,844.72, and referring any disputes as to the value of certain assets previously turned over to a Referee to hear and report, is unanimously affirmed, with costs.

Defendant Green is the managing partner of defendant-partnership, against which plaintiff obtained a judgment in May 1989 for non-payment of a promissory note. The judgment provided that if it remained unsatisfied after marshalling the partnership's assets, plaintiff could collect up to one-half of the deficiency from Green, as provided in the promissory note. Thereafter, six executions were issued against the

partnership, only one of which was returned partially satisfied, and plaintiff then moved pursuant to CPLR 5016 (e) for a final judgment against Green. Green opposed, arguing that plaintiff failed to marshal the partnership's assets. IAS found that plaintiff had satisfied its obligation to marshal the partnership's assets, but gave Green 60 days to turn over any additional partnership assets. Two months after entry of this order, as plaintiff was in the process of settling its proposed judgment, Green purported to turn over additional partnership assets, but IAS signed plaintiff's proposed judgment, adding a provision that any disputes as to the value of turned-over partnership assets be referred to a Referee to hear and report.

Plaintiff's obligation under the interlocutory judgment to marshal the partnership's assets was satisfied by the six executions it delivered to the Sheriff (see, Taylor v Ellsworth Bldg. Corp., 183 NYS 394, affd 198 App Div 1022). As managing partner, Green could have turned over the partnership's assets to the Sheriff within the 60-day period provided for in the order. Since he did not, it was well within IAS's discretion to refuse him an outright credit against the judgment for the assets he finally did purport to turn over, and to provide instead that any disputes concerning these assets be referred to a Referee to hear and report. Finally, although plaintiff offered to waive prejudgment interest, it was within IAS's discretion to calculate such interest and award it to plaintiff. Concur—Sullivan, J. P., Rosenberger, Wallach and Rubin, JJ.